UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br>            Plaintiff,<br>      v.<br>R. REYNOSO,<br>            Defendant. | Case No. 16-cv-05289-JCS (PR)<br><br>**ORDER DENYING MOTION TO PREVENT DEPOSITION OF PLAINTIFF**<br><br>Dkt. No. 19 |

Plaintiff's motion "to stop the defendant from taking Allen['s] deposition" (Dkt. No. 19) is DENIED.  Contrary to plaintiff's belief, defendant does not need a court order to depose him, as noted in the order of service:  "Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery."  (Dkt. No. 10 at 3.)

Plaintiff may be subject to sanctions if he refuses to be deposed.  Under Federal Rule of Civil Procedure 37(d), a party may be subject to dismissal or lesser sanctions if the party fails, after being served with proper notice, to appear for that person's deposition.  Under Federal Rule of Civil Procedure 37(b), once the court orders a deponent to be sworn or to answer a question and the deponent fails to obey, that failure "may be treated as contempt of court."  The sanctions that may be imposed on a party for failing to appear for

a deposition or for disobeying a court order a deponent to be sworn and/or answer questions, include the following: the disobedient party may be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," pleadings may be stricken, and the action may be dismissed in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A). The disobedient party also may be ordered to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff is now warned that he may be sanctioned if he does not appear at his deposition and/or testify at that deposition. The sanctions that may be imposed include, without limitation, the dismissal of some or all of plaintiff's claims, an order prohibiting him from supporting his claims with any evidence (including testimony or declarations), and monetary sanctions.

Plaintiff is now informed that, to the extent he does not want to answer questions based on a reasonable fear of self-incrimination in a criminal case, he can invoke his Fifth Amendment rights, but should note that an adverse inference may be drawn in this civil action from the invocation of such rights. *See Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976).

The Clerk shall terminate Dkt. No. 19.

**IT IS SO ORDERED.**

**Dated:** March 31, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN ALLEN,

    Plaintiff,

v.

R. REYNOSO,

    Defendant.

Case No. 16-cv-05289-JCS

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on March 31, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Allen ID: K-41879
Kern Valley State Prison
P.O. Box 5101
Delano, CA 93216

Dated: March 31, 2017

    Susan Y. Soong
    Clerk, United States District Court

By: *Karen L. Hom*
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO